IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSHUA IAN DEDMON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | )   CIV-07-733-HE |
| v. | ) |
| | ) |
| MIKE BURGESS, et al., | ) |
| | ) |
| Defendants. | ) |

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. §1983. In his Complaint filed July 2, 2007, Plaintiff names as Defendants Mike Burgess, in his official capacity as the Sheriff of Custer County, Oklahoma, and the Clinton Police Department. Plaintiff alleges various constitutional deprivations related to his current confinement in the Custer County detention facility and also to criminal charges pending against him. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the cause of action be (1) dismissed upon filing for failure to state a claim for relief under 28 U.S.C. §§ 1915A(b) and 1915A(e)(2)(B) to the extent Plaintiff seeks relief under 42 U.S.C. § 1983 and (2) dismissed without prejudice on the ground of abstention to the extent Plaintiff seeks relief under 28 U.S.C. § 2241.

I. Initial Review under 28 U.S.C. §§1915A and 1915(e) and Rule 4

In considering a civil complaint filed by a prisoner, the court has the responsibility to screen as soon as possible a complaint in a civil action filed by a prisoner in which the prisoner "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On review, the court must dismiss a prisoner's cause of action seeking relief from a governmental entity or officer or employee of a governmental entity at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the prisoner seeks monetary relief from a defendant who is immune from such a claim. 28 U.S.C. § 1915A(b). Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a cause of action filed *in forma pauperis* against any defendant at any time the court determines one of the above is present.

A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991).[1] In reviewing the sufficiency of the complaint, the court presumes all of the plaintiff's factual allegations to be true and construes them in the light most favorable to the plaintiff. Id. A *pro se* plaintiff's complaint must be broadly construed under this standard. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the "broad reading" of *pro se* complaints dictated by Haines

---

[1] The "standard for dismissal for failure to state a claim is essentially the same under" both Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. §1915(e)(2)(B)(ii). Curley v. Perry, 246 F.3d 1278, 1283 (10th Cir.), cert. denied, 534 U.S. 922 (2001).

"does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall, 935 F.2d at 1110. The court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997). The Complaint has also been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts,[2] with respect to the claims by Plaintiff seeking dismissal of pending charges and his release from confinement.

II. Access to Courts

In count one of the Complaint, Plaintiff alleges a denial of access to the law library and legal research. In support of this claim, Plaintiff asserts that he has unsuccessfully requested access to a law library and sought administrative relief concerning this issue, although he has not received a response from jail staff.

In Bounds v. Smith, 430 U.S. 817 (1977), the Supreme Court recognized that inmates have a well-established constitutional right of access to the courts and that States must affirmatively assure that inmates are provided "meaningful access to the courts." Id. at 820-821, 824. Nevertheless, the Court recognized that its decision "does not foreclose alternative means to achieve that goal," which may be fulfilled by providing prisoners "with adequate

---

[2]Rule 4 is applied in the discretion of the undersigned to this cause of action construed in part as a 28 U.S.C. §2241 habeas Petition. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

3

law libraries or adequate assistance from persons trained in the law" to ensure prisoners have "a reasonably adequate opportunity to present claimed violations of fundamental rights to the courts." Id. at 825, 828, 830. Because there is no "abstract, freestanding right to a law library or legal assistance," an inmate alleging a denial of his right of access to the courts must show actual injury and "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Lewis v. Casey, 518 U.S. 343, 351 (1996). Hence, the inmate must show that deficiencies in the law library or legal assistance program actually "hindered his efforts to pursue a legal claim" in order to establish a violation of his constitutional right of access to the courts. Id.

Plaintiff's Complaint provides no facts from which to infer that he is being denied his constitutional right of access to the courts under the prevailing standard established in Bounds and Casey. Plaintiff has alleged only an "abstract, free-standing right" to physical access to a law library, and he has not alleged either that an alternative to a law library is available to him or that he has been actually injured as a result of any denial of access to a law library or legal resources. Therefore, he has failed to state a claim for relief under 42 U.S.C. § 1983 with respect to the allegations in count one of the Complaint.

III. Outgoing Correspondence

In count two of the Complaint, Plaintiff asserts that his "mail is not being sent or received by the addressees." Plaintiff's only factual support for this claim is a vague reference to the "verbal confirmations" of individuals who are supposedly the addressees of

his outgoing correspondence. It is well-established that inmates and their correspondents have a "qualified" liberty interest in uncensored communications that is protected by the First Amendment. Procunier v. Martinez, 416 U.S. 396, 418 (1974). See Treff v. Galetka, 74 F.3d 191, 194 (10th Cir. 1996)("Correspondence between a prisoner and an outsider implicates the guarantee of freedom of speech under the First Amendment and a qualified liberty interest under the Fourteenth Amendment."). The interest is necessarily qualified as a result of the inmate's imprisonment, and the interest is protected so long as restrictions on correspondence involving an inmate are not "unduly burdensome." Id. at 418-419.

Plaintiff has alleged that he has been advised by some of his correspondents that they have not received his mail addressed to them. From this information, Plaintiff supposes that the mail is simply not "being sent" from the jail. He provides no information showing that a particular piece of correspondence was intentionally withheld, and Plaintiff has not alleged an affirmative link between Defendants and the alleged mail tampering. See Meade v. Grubbs, 841 F.2d 1512, 1527-1528 (10th Cir. 1988). His claim in count two that some of his mail is not being sent from the jail is vague and conclusory and fails to state a claim for relief against the Defendants under 42 U.S.C. § 1983.

IV. Slander

In count three of the Complaint, Plaintiff asserts that he has been "publicly slandered" by the local newspaper "due to false allegations by the Clinton Police Department." However, damage to an interest in reputation "does not result in a deprivation of any 'liberty' or 'property' recognized by state or federal law..." Paul v. Davis, 424 U.S. 693, 712 (1976).

Thus, slander alone is not sufficient to state a claim under § 1983 of a constitutional violation. Accordingly, Plaintiff has failed to state a claim for relief against the Defendants under 42 U.S.C. § 1983 in count three.

V. <u>Monetary Damages for Allegedly Unlawful Pretrial Confinement</u>

In his request for relief, Plaintiff seeks, in part, "monetary relief in the same amount as my bond plus legal costs [and] other damages that I have incurred financially as a result of my confinement." Plaintiff cannot obtain monetary damages under § 1983 at this time on the basis that the criminal charges pending against him are invalid or that his present confinement as a result of those criminal charges is unlawful. In <u>Heck v. Humphrey</u>, 512 U.S 477, 486-487 (1994), the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Because Plaintiff has not demonstrated that he has a conviction or sentence that has already been invalidated, his claim for monetary damages related to pending criminal charges or pretrial confinement as a result of pending criminal charges is not cognizable under § 1983.

VI. <u>Request for Dismissal of Charges and Release from Pretrial Confinement</u>

In addition to monetary relief, Plaintiff requests as relief the "[d]ismissal of charges, release from confinement, [and] a written public apology...." Because Plaintiff is essentially

challenging the fact or duration of his confinement with these demands, Plaintiff's claims seeking his release from pretrial confinement and the dismissal of pending criminal charges must be brought in a habeas action pursuant to 28 U.S.C. § 2241, or pursuant to 28 U.S.C. § 2254 should he be convicted. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)(holding that "when a state prisoner is challenging the very fact or duration of his physical confinement, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus").

To the extent Plaintiff's Complaint may be construed in part as a 28 U.S.C. § 2241 petition for a writ of habeas corpus, federal courts generally abstain from the exercise of §2241 jurisdiction that would interfere in ongoing state criminal proceedings, subject to narrowly defined exceptions. Younger v. Harris, 401 U.S. 37, 54 (1971). Under Younger, federal courts must abstain when "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." Crown Point I, LLC v. Intermountain Rural Elec. Ass'n, 319 F.3d 1211, 1215 (10th Cir. 2003). "If these three conditions exist, absent extraordinary circumstances, abstention is mandatory." Walck v. Edmondson, 472 F.3d 1227, 1233 (10th Cir. 2007). An exception to the abstention doctrine exists "where irreparable injury can be shown." Weitzel v. Div. of Occupational & Prof'l Licensing, 240 F.3d 871, 876 (10th Cir.

2001). In defining "irreparable injury," the Supreme Court has recognized that "irreparable injury" exists where a threatened proceeding "cannot be eliminated by ... defense against a single criminal prosecution." Younger, 401 U.S. at 46. Plaintiff makes no showing of irreparable injury here. Indeed, he has not alleged any facts supporting his request for release from pretrial confinement or the dismissal of pending charges. Consequently, the Complaint seeking Plaintiff's release from confinement and dismissal of charges pursuant to 42 U.S.C. § 1983 should be dismissed for failure to state a claim for relief. Construing the Complaint in part as a 28 U.S.C. § 2241 petition, the habeas petition should be dismissed without prejudice on the ground of abstention.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Plaintiff's 42 U.S.C. §1983 cause of action be dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim for relief and, construed in part as a 28 U.S.C. § 2241 habeas petition, should be dismissed without prejudice on the ground of abstention. Plaintiff is notified that a dismissal of this cause of action pursuant to 28 U.S.C. §1915A(b) or §1915(e)(2)(B) may constitute one "strike" pursuant to 28 U.S.C. §1915(g) upon affirmance or waiver of his opportunity to appeal. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by     August 27th    , 2007, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of

<u>America</u>, 950 F.2d 656 (10th Cir. 1991).

  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

  ENTERED this ___7th___ day of ___August___, 2007.

GARY M. PURCELL<br>
UNITED STATES MAGISTRATE JUDGE